UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

ANDREW LAWRENCE, a single man,

Plaintiff,

v.

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant.

Case No. CV 4-5791 FDB

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS PURSUANT TO 29 U.S.C. § 1132

Before the court is the motion of Plaintiff Andrew Lawrence for attorney fees and costs pursuant to 29 U.S.C. § 1132. Following a non-jury trial on the Administrative Record on October 31, 2005, in which the court reversed Prudential's decision to terminate Mr. Lawrence's long-term disability benefits and ordered Prudential to pay Mr. Lawrence past due long-term disability benefits in the amount of $100 per month from November of 2002 to the present, and to reinstate Mr. Lawrence's future long term disability benefits.

I.

A prevailing plaintiff in an ERISA case should "ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." 29 U.S.C. § 1132(g)(1). The five factors identified by the Ninth Circuit in *Hummel v. S.E. Rykoff & Co.*, 634 F.2d 446, 453 (9th Cir. 1980), support an

ORDER - 1

award to Plaintiff. At trial, the court found that Prudential abused its discretion in deciding to terminate Plaintiff's disability. Prudential is able to satisfy an award of attorney fees. An award of attorney fees would defer it and other insurers from wrongfully terminating disability benefits under similar circumstances. An award attorney fees and costs comports with ERISA's policy of protecting participants in benefit plans.

Prudential disputes that Plaintiff's lodestar is reasonable under the circumstances.[1] However, Prudential concedes that a reasonable fee in a matter such as this would be $250.00 per hour. Plaintiff seeks fees at $350.00 per hour and a multiplier of 1.5. The court finds that Plaintiff is not entitled to a multiplier as this ERISA case is not rare and exceptional. *See, Van Gerwen v. Guarantee Mutual Life Ins. Co.*, 214 F.3d 1041, 1045 (9th Cir. 2000). The court also finds that a reasonable fee under all the circumstances and evidence of fees charged in the area in ERISA cases, is $300.00 per hour.

ACCORDINGLY,

IT IS ORDERED:

(1) Plaintiff's motion for attorney's fees and costs (Dkt.#41) is **GRANTED** as follows:

Attorney's fees in the amount of $14,550.00 and costs in the amount of $1,689.36; and

(2) The Clerk of the Court is directed to amend the judgment accordingly.

DATED this 12th day of December, 2005.

FRANKLIN D. BURGESS
UNITED STATES DISTRICT JUDGE

---

[1]There appears to be no dispute over the Plaintiff's motion for costs.

ORDER - 2